# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GREE, INC., § § *Plaintiff*, § § v. § § SUPERCELL OY, § § *Defendant*. § § | | Case No. 2:19-cv-00071-JRG-RSP |

## MEMORANDUM ORDER

Plaintiff GREE, Inc. ("GREE") filed a motion ("Motion") to strike Defendant Supercell Oy's ("Supercell") affirmative defense of invalidity (Dkt. No. 20), which is now before the Court.[1] In this Motion, GREE asks the Court to find that Supercell is estopped under 35 U.S.C. § 325(e)(2) from raising the affirmative defense of invalidity of the patent-at-issue in this case. GREE argues that the estoppel statute should apply since Supercell previously filed a petition for post-grant review ("PGR") of the same patent and that petition was denied by the Patent Trial and Appeal Board ("PTAB") in a final written decision.

## I. BACKGROUND

### a. Case Background

GREE is the owner by assignment of U.S. Patent No. 9,597,594 (the "'594 Patent"), which issued on March 21, 2017. (Dkt. No. 1, at 3). On November 7, 2017, Supercell filed a petition for post-grant review of the '594 Patent, solely raising the ground of patent ineligibility under 35

---

[1] Upon receiving the Motion, Supercell filed a response (Dkt. No. 27), to which GREE filed a reply (Dkt. No. 32), Supercell filed a sur-reply (Dkt. No. 39), and GREE filed a sur-sur-reply (Dkt. No. 43).

U.S.C. § 101 in its petition. (Dkt. No. 27, at 1).[2] On January 2, 2019, the PTAB issued a final written decision, holding claims 1, 8, and 10-20 of the '594 Patent unpatentable, but finding that Supercell had not satisfied its burden of showing the claims were unpatentable under § 101 for claims 2-7 and 9 of the '594 Patent. (Dkt. No. 27, at 2).

On February 28, 2019, GREE filed a Complaint (Dkt No. 1) against Supercell for patent infringement of the '594 Patent in the Eastern District of Texas. On May 16, 2019, Supercell filed its Answer to the Complaint, raising a series of defenses to GREE's claims, including the affirmative defense of invalidity as its third defense. (Dkt. No. 18, at 6). GREE now moves to strike Supercell's affirmative defense of invalidity as insufficient or improper under Fed. R. Civ. P. 12(f) due to the defense being statutorily estopped under 35 U.S.C. § 325(e)(2). Supercell argues it, as the former PGR petitioner, is not estopped in this action from advancing a ground for invalidity that it did not petition for in its PGR before the PTAB.

   b.  **PGR Background**

The Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011), created the PGR process in which the parties engaged. *See Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2136–38 (2016). A party may petition for PGR "to cancel as unpatentable 1 or more claims of a patent on any ground . . . (relating to the invalidity of the patent or any claim)."[3] 35 U.S.C. § 321(b). After receiving a petition, the PTAB must decide whether to institute PGR by determining whether "it is more likely than not that at least 1 of the claims challenged in the petition is unpatentable." § 324(a).

---

[2] Supercell, in its response, incorrectly stated that it filed the PGR petition on November 6, 2017. (Dkt. No. 27, at 1).
[3] The Supreme Court has further clarified what can be decided in PGR when it stated that "in post-grant review . . ., patent claims can . . . be scrutinized (and canceled) on any invalidity ground that may be raised as a defense to infringement, including such grounds as ineligible subject matter under § 101, indefiniteness under § 112, and improper enlargement of reissued claims under § 251. See § 321(b); §§ 282(b)(2), (3)." *Cuozzo*, 136 S. Ct. at 2154.

After the PTAB issues a final decision, the PGR petitioner is estopped from arguing in a civil action that a "claim is invalid on any ground that the petitioner *raised or reasonably could have raised during that post-grant review*." 35 U.S.C. § 325(e)(2) (emphasis added).

## II. STATEMENT OF LAW

Under Federal Rule of Civil Procedure 12(f), the court may, on its own or on a motion made by a party, move to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, 2016 WL 7042232, at *1 (E.D. Tex. Apr. 6, 2016) (quoting *Kaiser Aluminum v. Chem. Sales, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). To find that a defense is insufficient as a matter of law, the Court considers whether the defense is applicable to the instant case and whether the pleadings give plaintiff fair notice of the defense. *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). This standard prevents a plaintiff from being a victim of "unfair surprise." *Id.* The Court possesses considerable discretion in ruling on a motion to strike. *Fisher v. JPMorgan Chase Bank N.A.*, 2018 WL 5621861, at *2 (E.D. Tex. Oct. 30, 2018). However, if an affirmative defense raises either a question of fact or a question of law, the court must deny a motion to strike. *Priester v. Long Beach Mortg. Co.,* 2018 WL 1833255, at *4 (E.D. Tex. Jan. 23, 2018) (citations omitted).

## III. ANALYSIS

### a. Current State of PTAB review

GREE seeks to preclude Supercell from raising an affirmative defense of invalidity based on 35 U.S.C. § 325(e)(2), the PGR estoppel provision. Specifically, GREE argues that Supercell

is estopped from asserting grounds not raised in Supercell's petition that Supercell could have reasonably raised ("non-petitioned grounds").

Although the statute appears straightforward, the PTAB's former practice of instituting reviews as to only some of the challenged grounds of a patent led to a great deal of confusion. This practice led to the situation where a petitioner would raise multiple grounds in its petition, but the PTAB would decline to institute review on some of those grounds ("non-instituted grounds").

In 2016, the Federal Circuit ruled that estoppel did not apply to non-instituted grounds. *Shaw Indus. Grp. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016) (dealing with *inter partes* review ("IPR")); *see also Credit Acceptance Corp. v. Westlake Servs.*, 859 F.3d 1044, 1052-53 (Fed. Cir. 2017) (discussing *Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309 (Fed. Cir. 2016) and *Shaw* in the context of post-grant reviews).

In 2018, the Supreme Court held that the PTAB could not continue this practice of partial institution, finding that 35 U.S.C. § 318(a) means the PTAB "*must* address *every* claim the petitioner has challenged." *SAS Inst., Inc. v. Iancu*, 138 S.Ct. 1348, 1354 (2018). The Court did not explicitly rule that the PTAB must institute review on every ground asserted in the petition. Nonetheless, the Federal Circuit observed that "[e]qual treatment of claims and grounds for institution purposes has pervasive support in *SAS*." *PGS Geophysical AS v. Iancu*, 891 F.3d 1354, 1360 (Fed. Cir. 2018). While *SAS* dealt with IPR, the PGR and IPR estoppel provisions are substantively identical.[4] *Compare* 35 U.S.C.§ 325(e)(2) (PGR estoppel) *with* 35 U.S.C. § 315(e)(2) (IPR estoppel).

After the *SAS* decision, the United States Patent and Trademark Office issued a "guidance" in April 2018 announcing that an instituted petition would be instituted on all raised claims and

---

[4] Both parties agree that the estoppel statute is substantively identical. (Dkt. No. 20, at 3) (*See* Dkt. No. 27, at 4).

4

grounds, effectively banning the practice of having non-instituted grounds.[5] U.S. Patent & Trademark Office, *Guidance on the Impact of SAS on AIA Trial Proceedings* (Apr. 26, 2018), https://www.uspto.gov/patents-application-process/patent-trial-and-appeal-board/trials/guidance-impact-sas-aia-trial. The Federal Circuit has concurred with this view,[6] while also stating that, absent a party seeking *SAS*-based relief, it would not "reopen[] the IPRs to embrace the non-instituted claims and grounds." *PGS Geophysical*, 891 F.3d at 1359-60.

At this point, case law clearly holds that a petitioner is estopped from asserting any grounds in a later civil action that the PTAB actually instituted review and issued a final written decision on. *See* 35 U.S.C.§ 325(e)(2). Further, the PTAB has banned the practice of non-instituted grounds. *See* Guidance on the Impact of SAS on AIA Trial Proceedings. The final issue that remains, and the major issue in this case, is whether non-petitioned grounds can be subject to estoppel.

### b. Grounds Not Raised In PGR

Both parties argue that the plain meaning of the statute favors their argument. GREE points to the phrase "raised or reasonably could have raised," as meaning that a party cannot raise invalidity grounds it could have brought before the PTAB but did not. (*See* Dkt. No. 20, at 3). Supercell, in contrast, points to the phrase "during that post-grant review," contending that the Federal Circuit has clearly held that PGR does not begin until after the institution decision so a PGR petitioner cannot raise a non-petitioned ground during that PGR. (Dkt. No. 27, at 4).

Prior to *SAS*, some courts took the view held by GREE, including this court, that non-petitioned grounds are included in the estoppel provision. *Biscotti Inc. v. Microsoft Corp.*, 2017 WL 2526231, at *6 (E.D. Tex. May 11, 2017) ("If, on the other hand, the petitioner simply does

---

[5] The guidance made no distinction between the different types of reviews.
[6] *BioDelivery Sci. Int'l, Inc. v. Aquestive Therapeutics, Inc.*, 898 F.3d 1205, 1208 (Fed. Cir. 2018) ("PTAB recognized *SAS* to require institution on all challenged claims and all challenged grounds…We agree that *SAS* requires institution on all challenged claims and all challenged grounds.").

not include a prior art reference in the petition that reasonably could have been included, the petitioner should be estopped from asserting that reference in a subsequent proceeding"); *see also Palomar Techs., Inc. v. MRSI Sys., LLC*, 373 F. Supp. 3d 322, 331 (D. Mass. 2019) (citing other cases that held similarly); *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15-CV-1067, 2017 WL 3278915, at *7-8 (N.D. Ill. Aug. 2, 2017).

On the other hand, a minority of district courts held only grounds that were raised in the petition could count as grounds that "reasonably could have been raised." Under this view, a petitioner could later raise non-petitioned grounds in district court litigation; although at least one court held so reluctantly. *See Intellectual Ventures I LLC v. Toshiba Corp.,* 221 F. Supp. 3d 534, 553–54 (D. Del. 2016) (noting that although exempting non-petitioned grounds from estoppel "confounds the very purpose of this parallel administrative proceeding, the court cannot divine a reasoned way around the Federal Circuit's interpretation in *Shaw*"); *see also Finjan, Inc. v. Blue Coat Sys., LLC,* 283 F.Supp.3d 839, 855-57 (N.D. Cal. 2017); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc,* 2017 WL 235048, at *3 (N.D. Cal. Jan. 19, 2017).

Post-*SAS*, the latter view cannot be correct. The PTAB must now either review on all grounds or not review at all. There is no longer a non-instituted situation, where grounds are raised in the petition, but not instituted. Therefore, for the words "reasonably could have raised" to have any meaning at all, they must refer to the grounds that were not actually raised in the PGR petition, but reasonably could have been included.[7]

The legislative history further supports this conclusion. During the enactment of the AIA, then Director Kappos emphasized the importance of the estoppel provisions, characterizing them broadly as an advantage to patentees who had successfully gone through the post-grant system:

---

[7] Several courts have adopted this view. *E.g., SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F.Supp.3d 574, 602 (D. Mass. 2018).

> If I can say that in my own words also, that I believe there are significant advantages for patentees who successfully go through the post-grant system . . . because of those estoppel provisions. Those estoppel provisions mean that your patent is largely unchallengeable by the same party.

*America Invents Act: Hearing on H.R. 1249 Before the House Comm. on the Judiciary*, 112th Cong. 52–53 (2011) (statement of Director David Kappos).

The Supreme Court, in a recent footnote, espoused this general principle as well, when it stated that the estoppel provisions of the AIA "generally preclude a party from relitigating issues in any subsequent proceedings in federal district court . . . [and] before the Patent Office. *See* 35 U.S.C. §§ 315(e), 325(e); AIA § 18(a)(1)(D), 125 Stat. 330." *Return Mail, Inc. v. United States Postal Serv.*, 139 S. Ct. 1853, 1867 n.10 (2019).

Finally, public policy favors enforcing a stricter interpretation of the estoppel statute. The purpose of the estoppel statute is to prevent parties from pursuing two rounds of invalidity arguments before the PTAB and the district court. *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, 2017 WL 2605977, at *3 (E.D. Va. June 5, 2017). A looser interpretation would allow, if not encourage, petitioners to hold back invalidity grounds from a PTAB review to avoid estoppel, in direct contradiction to the statute and the policy behind it. *See Tinnus Enterprises, LLC v. Telebrands Corp.*, 2018 WL 3993468, at *3 (E.D. Tex. Aug. 21, 2018) (citing *Douglas Dynamics, LLC v. Meyer Prod. LLC*, 2017 WL 1382556, at *4 (W.D. Wis. Apr. 18, 2017) (citations omitted) (a defendant "cannot expect to hold a second-string invalidity case in reserve in case the IPR does not go defendant's way.").

While Supercell's argument that it should have the opportunity to be heard on the merits is well-received, Supercell—and Supercell alone—decided not to advance such arguments during the PGR. *Cal. Inst. of Tech. v. Broadcom Ltd.*, 2018 WL 7456042, at *7 (C.D. Cal. Dec. 28, 2018) ("[T]he choices of the petitioner – and the petitioner alone – in its initial decision regarding what

grounds to bring before the PTAB dictate what grounds are raised (or reasonably could have been raised) 'during IPR' and thus could result in estoppel if IPR results in a final written decision.").

Taking all this into consideration, this Court finds that § 325(e) estops grounds that were actually raised in PGR as well as any grounds that could have reasonably been raised during PGR.

### c. Standard for "Reasonably Could Have Raised"

Now, it must be decided what standard should be used to determine whether a non-petitioned ground "reasonably could have [been] raised during that post-grant review." 35 U.S.C. § 325(e)(2). In congressional debates, one of the key architects of the AIA explained that "reasonably could have raised" is meant to include prior art that a petitioner actually knew about or that "a skilled searcher conducting a diligent search reasonably could have been expected to discover." 157 Cong. Rec. S1375 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl). This court has previously explained that this standard is consistent with the purpose and legislative history of the AIA. *Biscotti*, 2017 WL 2526231, at *6. Further, this standard has been adopted by various district courts. *See, e.g., Palomar*, 373 F.Supp. 3d at 331; *Oil-Dri*, 2017 WL 3278915, at *9. Thus, the "reasonably" language deals with the references that can be used, as opposed to, as Supercell argues, the grounds raised. (Dkt. No. 27, at 8-9).

The issue of whether a skilled, diligent search reasonably should have uncovered a reference is a question of fact. A motion to strike is not the proper vehicle to challenge the sufficiency of Supercell's evidence in support of its invalidity defense. If the parties are not able to resolve the issue, based on the guidance provided herein, a motion for partial summary judgment will be needed to accomplish a pretrial determination of the issue.

To conclude, this Court finds that Supercell is estopped under § 325(e)(2) from using prior art references it either used or reasonably could have found and used during the PGR of the '594

Patent. Yet, GREE's Motion goes too far. There exists a question of fact as to whether a diligent, skilled searcher would have found, at the time the PGR of the '594 Patent was filed, any prior art references that Supercell desires to assert as a defense in this action. Thus, Supercell is not estopped from arguing that certain prior art references, should they exist, could not have reasonably been located or used previously.

## IV. CONCLUSION

Accordingly, the Court GREE's Motion to Strike Supercell's Affirmative Defense of Invalidity (Dkt. No. 20) is **DENIED.**

**SIGNED this 30th day of October, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE