## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| GREE INC., §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>SUPERCELL OY, §<br>§<br>Defendant. § | CASE NO.  2:19-cv-00071-JRG-RSP |

## FIRST AMENDED PROTECTIVE ORDER

WHEREAS, Plaintiff GREE Inc. ("GREE" or "Plaintiff") and Defendant Supercell Oy ("Supercell" or "Defendant"), hereafter referred to as "the Parties," believe that discovery in this action will involve the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek an amended protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information, or trade secrets of the Party or entities and individuals who are not parties to this Action ("Third Parties") to whom the Party or Third Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("PROTECTED MATERIAL").  The Party or

Third Party producing the PROTECTED MATERIAL is described herein as the
"Producing Party" or "Designating Party."  The Party receiving PROTECTED
MATERIAL is described herein as the "Requesting Party" or "Receiving Party."
PROTECTED MATERIAL shall be designated by the Designating Party by affixing a
legend or stamp on such document, information or material as follows:
"CONFIDENTIAL," RESTRICTED – ATTORNEYS' EYES ONLY," "RESTRICTED
– CONFIDENTIAL SOURCE CODE," or similar legend.  The legend shall be placed
clearly on each page of the PROTECTED MATERIAL (except deposition and hearing
transcripts) for which such protection is sought. For deposition and hearing transcripts,
the legend "CONFIDENTIAL," or "RESTRICTED – ATTORNEYS' EYES ONLY," or
"RESTRICTED – CONFIDENTIAL SOURCE CODE" shall be placed on the cover page
of the transcript (if not already present on the cover page of the transcript when received
from the court reporter) by each attorney receiving a copy of the transcript after that
attorney receives notice of the designation of some or all of that transcript as
"CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" or
"RESTRICTED – CONFIDENTIAL SOURCE CODE."

2.      Any document produced before issuance of this Order with any confidentiality
designation shall receive the same treatment as if designated "RESTRICTED -
ATTORNEYS' EYES ONLY" under this Order, unless and until such document is
redesignated to have a different classification under this Order.

3.      Subject to the provisions herein and unless otherwise stated, this Order governs all
PROTECTED MATERIAL, including without limitation: (a) all documents,
electronically stored information, and/or things as defined by the Federal Rules of Civil

Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any PROTECTED MATERIAL shall also be considered PROTECTED MATERIAL and treated as such under this Order.

4.      A designation of PROTECTED MATERIAL (i.e., "CONFIDENTIAL," "RESTRICTED -ATTORNEYS' EYES ONLY," or "RESTRICTED - CONFIDENTIAL SOURCE CODE") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as PROTECTED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces PROTECTED MATERIAL without properly designating it may request destruction of that PROTECTED MATERIAL by (a) notifying the recipient(s) as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and (b) providing replacement PROTECTED MATERIAL that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced PROTECTED MATERIAL.  Notwithstanding the foregoing, any disclosure or use of such inadvertently or unintentionally produced undesignated PROTECTED MATERIAL by a Receiving Party occurring before receipt of such notice shall not constitute a violation of this Amended Protective Order.

5.      Documents, information or material produced in this Action, including but not limited to PROTECTED MATERIAL , shall be used by the Parties only in the litigation of 2:19-

cv-00070-JRG-RSP, 2:19-cv-00071-JRG-RSP, 2:19-cv-00072-JRG-RSP, 2:19-cv-00161-JRG-RSP, 2:19-cv-00172-JRG-RSP, 2:19-cv-00200-JRG-RSP, or 2:19-cv-00237-JRG-RSP (collectively, "the Actions"), and shall not be used for any other purpose.  Any person or entity who obtains access to PROTECTED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such PROTECTED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified PROTECTED MATERIAL and subject to all of the terms and conditions of this Order.

6.     A Party shall designate documents, information or material as CONFIDENTIAL only upon a good faith belief that the documents, information or material contains confidential or proprietary information of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material, and where the CONFIDENTIAL information has been previously shared between the Parties.

7.     Documents, information and material designated CONFIDENTIAL may be disclosed only to the following persons, except upon receipt of the prior written consent of the Designating Party, upon order of the Court, or as set forth in paragraph 13 herein:

(a)     outside counsel of record in this Action for the Parties[1];

(b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside

---

[1] As used herein, the term "outside counsel" refers to outside counsel of record in one or more of the Actions, as well as staff of said "outside counsel".

counsel in the litigation of this Action;

(d)    up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the Requesting Party may seek leave of Court to designate such additional representative(s) if the Requesting Party believes the other party has unreasonably withheld such consent;

(e)    outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:  (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action or other lawsuits or post grant proceedings involving the same Parties; (2) such consultants or experts are not involved in the competitive decision-making as defined by *U.S. Steel v. United States*, 730 F.2d l465, l468 n.3 (Fed. Cir. l984), on behalf of the Receiving Party; and (3) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the Producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the PROTECTED MATERIAL is to be given to that consultant or Undertaking to object to and notify the Receiving Party in writing that it objects to disclosure of PROTECTED MATERIAL to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the objection, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)    the Court and its personnel.

8.    To the extent a Producing Party believes in good faith that certain documents,

information or material contain is so sensitive that its dissemination deserves even

further limitation, the Producing Party may designate such PROTECTED MATERIAL

"RESTRICTED -- ATTORNEYS' EYES ONLY."

9.      For PROTECTED MATERIAL designated RESTRICTED -- ATTORNEYS' EYES

ONLY, access to, and disclosure of, such PROTECTED MATERIAL shall be limited to

individuals listed in paragraphs 7(a)-(b) and (e)-(f).  However, summaries of particular

financials that are designated RESTRICTED -- ATTORNEYS' EYES ONLY may also

be shared with the individuals in paragraph 7(c) with the permission of the Producing

Party.

10.     To the extent PROTECTED MATERIAL includes proprietary, confidential, or trade

secret computer source code, scripts, assembly code, binaries, or object code, or detailed

descriptions thereof ("Source Code Material"), the Producing Party may designate such

PROTECTED MATERIAL as "RESTRICTED - CONFIDENTIAL SOURCE CODE."

11.     For PROTECTED MATERIAL designated RESTRICTED - CONFIDENTIAL SOURCE

CODE, the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided on a password
        protected, "stand-alone" computer(s) (that is, the computer may not be linked to
        any network, including a local area network ("LAN"), an intranet or the Internet)
        and on which all access ports have been disabled (except for one printer port)
        ("Source Code Computer").  The Source Code Computer shall be maintained in a
        secure room at the offices of the Producing Party's Outside Counsel of Record or
        another mutually agreeable location, access to which shall be controlled by
        reasonable physical (e.g., locked doors) and electronic (e.g., password or other
        access provisions) security measures. Use of any input/output device (e.g., USB
        memory stick, CDs, floppy disk, portable hard drive, etc.) is prohibited while
        accessing the Source Code Computer containing the Source Code Material, and
        the Receiving Party shall not attempt to use any peripheral device of any kind
        (other than the keyboard, mouse, printer and monitor provided by the producing
        Party) with the stand-alone computer, nor shall the Receiving Party attempt to
        install any software on the Source Code Computer.  Additionally, except as
        otherwise provided in this paragraph, the Source Code Computer, at the Producing
        Party's selection, may only be located at the offices of the Producing Party's
        outside counsel or another mutually agreeable location;

(b)     The Receiving Party must give at least seven (7) days notice to Counsel for the
        Producing Party that it will be sending individual(s) authorized to review the
        source code made available on the Source Code Computer for any initial reviews

and three (3) business days notice for additional reviews of the same, previously inspected code and no additional notice is required for access to be made available on consecutive review days (provided a room is available to conduct the review on the consecutive review days).  The Receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computer to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.   Upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer(s) outside of normal business hours.   The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel or other mutually agreeable location shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) Additionally, during the period(s) of time in which shelter-in-place orders would otherwise limit in-person access to the Source Code Material,[2] GREE shall make its Source Code Material available[3] on an encrypted flash drive ("Encrypted Flash Drive") that may be accessed on a computer not connected to the Internet ("Remote Source Code Computer").   The Remote Source Code Computer shall be maintained in a secure room by individual(s) authorized to review the source code made available on the Encrypted Flash Drive, access to which shall be controlled by reasonable physical (e.g., locked doors) and electronic (e.g., password or other access provisions) security measures.  Use of any input/output device other than the Encrypted Flash Drive (e.g., USB memory stick, CDs, floppy disk, portable hard drive, etc.) is prohibited while accessing the Encrypted Flash Drive on the Remote Source Code Computer, and the Receiving Party shall not attempt to use any peripheral device of any kind (other than the keyboard, mouse, printer and monitor) with the Remote Source Code Computer.  The Producing Party shall provide the Receiving Party with sufficient information to permit the Receiving Party to decrypt and access the Source Code Material on the Encrypted Flash Drive.  The Encrypted Flash Drive shall be provided to the Receiving Party within a reasonable time, but not more than seven (7) days, following a request for it to be provided to the Receiving Party.  The Encrypted Flash Drive shall be returned to the Producing Party within a reasonable time, but not more than seven (7) days, following a request for it to be returned by the Producing Party or the termination of the case;

(d) The Producing Party shall provide the Receiving Party with sufficient information to permit the Receiving Party to start, log on to, and operate the Source Code

---

[2] Such "shelter-in-place" orders may include, but are not limited to, any requirement within the United States, issued by a recognized governing body, to "stay at home," "shelter-in-place," "restrict travel within the U.S." or "quarantine."

[3] Nothing in this Protective Order prohibits a party from later seeking further amendment of the Protective Order to permit remote review of the source code of additional parties.

Computer in order to access the produced Source Code Material or ro access the Encrypted Flash Drive;

(e)   The Producing Party will produce Source Code Material in computer searchable format on the Source Code Computer or Encrypted Flash Drive as described above;

(f)   No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted in the room containing the Source Code Computer or Remoted Source Code Computer during review by the Receiving Party's representatives absent agreement of the Producing Party. For example, the Producing Party may, at its option, allow such devices in the room if such devices are turned off;

(g)   The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy substantial portions of the Source Code into the notes and may not take such notes electronically on the Source Code Computer or Remote Source Code Computer itself;

(h)   The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way. Other than the visual monitoring described above, the Producing Party may not monitor or record via any electronic or any other means the activities of the Receiving Party's representatives during any Source Code review;

(i)   The Receiving Party's outside counsel and/or experts may make reasonable requests, agreement for which will not be unreasonably withheld, that free, shareware, or commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that the Receiving Party possesses an appropriate license to such software tools if needed and such software tools do not present a security risk. The Receiving Party must provide the Producing Party with the CD, DVD, and/or necessary download information for the additional software tool(s) at least five days in advance of the date upon which the Receiving Party wishes to have the additional software tool(s) available for use on the Source Code Computer. For any request made less than five days in advance of the date upon which the Receiving Party wishes to have the additional software tool(s) available for use on the Source Code Computer, the Producing Party will make reasonable efforts to meet the request;

(j)   Proper identification of all authorized persons shall be provided prior to any access to the secure room or the Source Code Computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States or by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure

room or the Source Code Computer may be denied to any individual who fails to provide proper identification;

(k) All persons who will review a Producing Party's Source Code on the Source Code Computer or Remote Source Code Computer on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews Source Code on the Source Code Computer or Remote Source Code Computer. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code on the Source Code Computer shall sign on each day they view Source Code a log that will include the names of persons who view the Source Code on the Source Code Computer and when they enter and depart. The Producing Party shall maintain the log;

(l) All persons viewing Source Code Material on the Remote Source Code Computer shall note his or her name and the dates and times on which he or she viewed the Source Code Material and provide this information to the Producing Party within a reasonable period of time, but no later than the time of the production of any report referencing the Source Code Material or at the close of expert discovery if no such report is produced;

(m) Access to PROTECTED MATERIAL designated RESTRICTED - CONFIDENTIAL  SOURCE CODE shall be limited to outside counsel and up to five (5) individual outside consultants or experts per case in the Actions (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such PROTECTED MATERIAL pursuant to paragraph 7(e) above.

(n) A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, infringement contentions, invalidity contentions, or other Court document or document that is served on or provided to opposing counsel (collectively, "Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. Except as otherwise provided in this Amended Protective Order, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and orders, must be filed or served electronically;

(o) To the extent portions of Source Code Material are quoted in a Source Code Document, the entire Source Code Document will be stamped and treated as RESTRICTED - CONFIDENTIAL SOURCE CODE;

(p) Except as otherwise provided in this Amended Protective Order, no physical copies

of all or any portion of the Source Code Material may leave the room containing the Source Code Computer or the Remote Source Code Computer. The Producing Party shall make available a printer that may not be linked to any network, including a LAN, an intranet or the Internet for on-site printing during inspection of the Source Code Material on the Source Code Computer. After reviewing Source Code Material, the Receiving Party may print paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, infringement contentions, invalidity contentions, or other papers, or for deposition or trial. Upon printing any such portions of Source Code Material, the printed pages shall be sent or otherwise provided to the Producing Party and the Receiving Party shall notify the Producing Party of the printed Source Code Material which has been sent or otherwise provided to them.  The Producing Party shall notify the Receiving Party when they receive the printed Source Code Material.  Alternately, the Receiving Party may identify portions of the Source Code Material to be printed and produced by the Producing Party.  Within seven (7) days of the Producing Party receiving the printed Source Code Material or the request to print Source Code Material, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution establishing why it should not comply with the request.  The printed pages of source code in question need not be produced to the Requesting Party until the objection is resolved by the Court. The printed pages shall constitute part of the Source Code Material produced by the Producing Party in the Actions.

(q) The Receiving Party shall be permitted to make up to five (5) printed copies of Source Code Material, in addition to copies necessary for court filings, deposition exhibits, and trial exhibits, received from the Producing Party, all of which shall be designated and clearly labeled "RESTRICTED - CONFIDENTIAL SOURCE CODE";

(r) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED - CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(s) For depositions, copies of Source Code Material that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code Material brought to the deposition shall not count against the per copy limit identified in paragraph 11(q) and shall be provided to the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition;

(t) If the Receiving Party's outside counsel, consultants, or experts obtain printouts or

photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or experts. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

(u) A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 11(m) above to another person authorized under paragraph 11(m) above, via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as provided for above in paragraph 11(s) above; and

(v) Any Source Code Material shall be made available for inspection in the format in which it is kept in the ordinary course of business.  Optionally, and only upon agreement by the Receiving Party, Source Code Material can be produced in a non-native format for inspection.

(w) Nothing in this Paragraph 11 or in this Order as a whole constitutes an agreement or admission by either Party that such Party's Source Code Material is required to be produced or that such Party's Source Code Material is required to be provided in the format of an Encrypted Flash Drive or Remote Source Code Computer.  Nor does either Party waive any right it may have to object to and oppose any request for production of such Source Code Material to the extent permissible the Federal Rule of Civil Procedure, or the Local Rules or Orders of this Court.

12.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's PROTECTED MATERIAL that: (1) is designated  either RESTRICTED  --  ATTORNEYS' EYES ONLY  and/or  RESTRICTED - CONFIDENTIAL SOURCE CODE; and (2) describes technical workings of one or more products of the Producing Party that are not disclosed by public materials regarding those products, or apparent from the use or play of those products or contains source code as defined by this Order (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, accesses, or otherwise learns, in whole

or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order, shall

not, following the receipt of such materials, prepare, prosecute, supervise, or assist in the

preparation or prosecution of any patent application pertaining to video games on behalf

of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the

pendency of the Actions and for one year after the conclusion of the last Action, including

any appeals (a "Prosecution Bar"). To ensure compliance with the purpose of this

provision, each Party shall create an "Ethical Wall" between those persons who access

HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Receiving

Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute,

supervise or assist in the preparation or prosecution of any patent application pertaining to

the field of invention of the patent-in-suit.  "Prosecution" as used in this paragraph

specifically includes representing an entity before a domestic or foreign agency (including,

but not limited to, a reissue, inter partes review, post grant review, or ex parte

reexamination) where a claim amendment is proposed or sought, but does not include

representing an entity before a domestic or foreign agency (including, but not limited to,

a reissue, inter partes review, post grant review, or ex parte reexamination) where no claim

amendment is proposed or sought, and does not include preparation and prosecution of

patent applications on behalf of entities other than the Receiving Party (or its acquirer,

successor, predecessor, or other affiliate) and any competitors identified in writing by the

Producing Party within 14 days of entry of this Order—if the Parties cannot reach an

agreement regarding the list of competitors, the Parties shall submit the dispute to the

Court for resolution (in the event a list is provided, any person signing Appendix A shall

be provided a copy of such list prior to his/her execution of Appendix A). This Prosecution

Bar shall begin when access to HIGHLY SENSITIVE MATERIAL is first reviewed by the affected individual.

13.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity are inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, or destroy such materials and certifiy the destruction to the Producing Party.  If the Receiving Party disputes the claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, the Receiving Party must return or destroy the materials as set forth in this paragraph.  The Receiving Party may then file a motion to compel the materials or otherwise seek relief from the Court.

14.     There shall be no disclosure of any PROTECTED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information and

material to protect against disclosure to any unauthorized persons or entities.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any PROTECTED MATERIAL in taking testimony at any deposition or hearing provided that the PROTECTED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the PROTECTED MATERIAL by virtue of his or her employment with the Designating Party, (ii) identified in the PROTECTED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such PROTECTED MATERIAL, has, in the ordinary course of business, seen such PROTECTED MATERIAL, (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) outside counsel for a Party, and in-house counsel for a Party to the extent such in-house counsel is permitted access under paragraph 9 of this Order; (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation and permitted to have access to such PROTECTED MATERIAL under this Order; (vii) court reporters and videographers; (viii) the Court and Court personnel; or (ix) other persons, if any, entitled hereunder to access the particular PROTECTED MATERIAL. PROTECTED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party.

16. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED - CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to

the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as RESTRICTED – ATTORNEYS' EYES ONLY, unless the content of Source Code Material is a subject of the testimony of the deposition, in which case, the transcript shall be designated as "RESTRICTED - CONFIDENTIAL SOURCE CODE" during such 30-day period.

17.    To the extent that the Parties need to file PROTECTED MATERIAL with the Court, the Parties may file any pleadings, motions, or exhibits containing PROTECTED MATERIAL under seal, and any such pleadings, motions, or exhibits shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" on the caption page and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on PROTECTED MATERIAL, such confidential portions shall be redacted to the extent necessary the pleading or exhibit filed publicly with the Court.

18.    The Order applies to pretrial discovery, pleadings, and post-trial pleadings.  Nothing in this Order shall be deemed to prevent the Parties from introducing any PROTECTED MATERIAL into evidence at the trial of this Action, or from using any information contained in PROTECTED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.  Nothing in this Order precludes a Party from requesting such a pretrial order to restrict public disclosure of such PROTECTED MATERIAL at trial.

19.    A Party may request in writing to the other Party that the designation given to any

PROTECTED MATERIAL be modified or withdrawn.  If the Designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the Requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the Designating Party to show why the classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the Designating Party shall be maintained.

20.    Each outside consultant or expert to whom PROTECTED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

21.    Third Parties may designate PROTECTED MATERIAL  produced or given by such Third Parties in the Actions in accordance with this Order. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED -- ATTORNEYS' EYES ONLY" in accordance with this Order.   Nothing herein shall preclude a Third Party from seeking additional protections beyond those supplied here in this Amended Protective Order.

22.     Zynga, Inc. ("Zynga"), a non-party to this action, may produce highly confidential source code in this action in response to a subpoena request that include or incorporate PROTECTED MATERIAL belonging to Zynga.

(a) Zynga may designate material it produces that constitutes Zynga's proprietary technical or commercially sensitive competitive source code information that Zynga maintained as highly confidential in its business, the disclosure of which is likely to cause harm to the competitive position of Zynga, as "ZYNGA – RESTRICTED CONFIDENTIAL – SOURCE CODE."

(b) Material designated "ZYNGA - RESTRICTED CONFIDENTIAL - SOURCE CODE" shall be subject to the same obligations with respect to "RESTRICTED – CONFIDENTIAL SOURCE CODE" material outlined in the Amended Protective Order, including Paragraph 11 of the Amended Protective Order.

(c) Material designated "ZYNGA - RESTRICTED CONFIDENTIAL - SOURCE CODE" shall also be subject to the following obligations:

i.  Use of Designated Zynga Material by Receiving Party: Unless otherwise ordered by the Court, or agreed in writing by Zynga, any material designated "ZYNGA - RESTRICTED CONFIDENTIAL - SOURCE CODE"  shall be used by the Receiving Party only for purposes of this action, and shall not be used in any other way, or for any other purpose. For avoidance of doubt, material designated "ZYNGA - RESTRICTED CONFIDENTIAL - SOURCE CODE" shall not be used to form the basis for any infringement claims against Zynga.

ii. Use of Designated Zynga Material in Pleadings: The Parties will give

Zynga prior notice of any material designated "ZYNGA - RESTRICTED CONFIDENTIAL - SOURCE CODE" that such Party proposes to disclose in any pleading in this case.  Said notice shall be served by email on counsel for Zynga at least three (3) business days prior to filing such pleading. Said notice shall identify the measure the party intends to rely upon to protect the material designated "ZYNGA - RESTRICTED CONFIDENTIAL - SOURCE CODE" when used in a pleading consistent with this Amended Protective Order. Zynga may object to the measure proposed to protect the material designated "ZYNGA - RESTRICTED CONFIDENTIAL - SOURCE CODE"  and the parties must meet and confer in good faith to resolve any such Zynga objections.  If the Parties and Zynga cannot reach agreement regarding the appropriate measure to protect the material designated "ZYNGA - RESTRICTED CONFIDENTIAL - SOURCE CODE", the material will be filed under seal, with any objection to the sealing to be made by motion by the Parties.

iii. Use of Designated Zynga Material at Deposition: The Parties will give Non-Party Zynga prior notice of any material designated "ZYNGA - RESTRICTED CONFIDENTIAL - SOURCE CODE" that such Party proposes to disclose in a deposition in this case.  Said prior notice will include a listing of all attendees of the deposition, and a description of each person's employment history for the past five years, including employer and job title.  Said notice shall be served by email on counsel for Zynga at least seven (7) business days prior to the deposition. Said notice shall

identify the measure the party intends to rely upon to protect the material designated "ZYNGA - RESTRICTED CONFIDENTIAL - SOURCE CODE"  when used in a deposition consistent with this Amended Protective Order. Zynga may object to the measure proposed to protect the material designated "ZYNGA - RESTRICTED CONFIDENTIAL - SOURCE CODE"  and the parties must meet and confer in good faith to resolve any such Zynga objections.  If the Parties and Zynga cannot reach agreement regarding the appropriate measure to protect the material designated "ZYNGA - RESTRICTED CONFIDENTIAL - SOURCE CODE", Zynga may file an objection to prevent disclosure under this order within five (5) business days after notice has been given.  To the extent required, the party conducting the deposition may print pages of source code printouts to be marked as exhibits at such depositions consistent with other provisions and limitations of the Amended Protective Order.  Zynga may designate deposition transcripts that disclose material designated "ZYNGA - RESTRICTED CONFIDENTIAL - SOURCE CODE"  to be designated CONFIDENTIAL.

iv. Use of Designated Zynga Material at Hearing or Trial: The Parties will give Zynga prior notice of the identity of any material designated "ZYNGA - RESTRICTED CONFIDENTIAL - SOURCE CODE"  that such Party proposes to disclose at any hearing or trial in this case.  Said notice shall be served by email on counsel for Zynga at least seven (7) business days priors to such hearing or trial.. Said notice shall identify the measure the party

intends to rely upon to protect the material designated "ZYNGA -
RESTRICTED CONFIDENTIAL - SOURCE CODE" when used at any
hearing or trial consistent with this Amended Protective Order. Zynga may
object to the measure proposed to protect the material designated "ZYNGA
- RESTRICTED CONFIDENTIAL - SOURCE CODE"  and the parties
must meet and confer in good faith to resolve any such Zynga objections.
If the Parties and Zynga cannot reach agreement regarding the appropriate
measure to protect the material designated "ZYNGA - RESTRICTED
CONFIDENTIAL - SOURCE CODE, Zynga may file an objection to
prevent disclosure under this order within five (5) business days after notice
has been given.

23.    Within forty-five (45) days of final termination of this Action, including any appeals,
all PROTECTED MATERIAL, including all copies, duplicates, abstracts, indexes,
summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts
incorporated into any privileged memoranda of the Parties and materials which have been
admitted into evidence in this Action), shall at the Producing Party's election either be
returned to the Producing Party or be destroyed.  The Receiving Party shall verify the
return or destruction by affidavit furnished to the Producing Party, upon the Producing
Party's request.  Notwithstanding this provision, outside counsel are entitled to retain an
archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,
legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
work product, and consultant and expert work product, even if such materials contain
PROTECTED MATERIAL.   Any such archival copies that contain or constitute

PROTECTED MATERIAL remain subject to this Order.

24.  The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any PROTECTED MATERIAL, that Party must: (a) promptly notify in writing the Designating Party, such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Amended Protective Order, such notification shall include a copy of this Amended Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose PROTECTED MATERIAL may be affected.   If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any PROTECTED MATERIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its PROTECTED MATERIAL – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Actions to disobey a lawful directive from another court.

26.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27.    Production of PROTECTED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary, confidential, or trade secret nature of such PROTECTED MATERIAL.

28.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

29.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of PROTECTED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of PROTECTED MATERIAL.

**SIGNED this 8th day of May, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GREE INC., | § | |
| | § | |
| Plaintiff, | § | CASE NO.  2:19-cv-00071-JRG-RSP |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| SUPERCELL OY, | § | |
| | § | |
| Defendant. | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**AMENDED PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

My current employer is _____.

My current occupation is _____.

2.    I have received a copy of the Amended Protective Order in this action.  I have carefully

read and understand the provisions of the Amended Protective Order.

3.    I will comply with all of the provisions of the Amended Protective Order.  I will hold in

confidence, will not disclose to anyone not qualified under the Amended Protective

Order, and will use only for purposes of this action any information designated as

"CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or

"RESTRICTED - CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things

designated as  "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or

"RESTRICTED - CONFIDENTIAL SOURCE CODE" that came into my possession,

1

and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Amended Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _