# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GREE, INC., | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:19-cv-00071-JRG-RSP |
| | § | |
| SUPERCELL OY, | § | |
|     *Defendant.* | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff GREE, Inc.'s ("GREE") Motion to Strike Portions of the Expert Reports of Mark Claypool Regarding Invalidity and Claim Construction Opinions ("Motion"). **Dkt. No. 184**. GREE's Motion seeks to strike from Expert Report of Mark Claypool, Ph.D. ("Claypool Report") (1) ¶¶ 94-111, 115, 129, and 188-221 for improperly relying on Clash of Clans Version 4.120 as a prior art reference, (2) ¶¶ 188-215 for improperly relying on U.S. Patent No. 9,079,105 to Kim *et al*. ("Kim Patent") as a prior art reference, and (3) ¶¶ 76-80 of his rebuttal report for untimely and improper claim construction.

After due consideration, the Court **GRANTS-IN-PART** and **DENIES-IN-PART**. The Court **STRIKES** ¶¶ 94-111, 115, 129, and 188-221 because Supercell is estopped from asserting the references these opinions rely on as prior art. The Court does not strike ¶¶ 76-80 because these opinions are permissible noninfringement positions that do not amount to claim construction.

**I.  BACKGROUND**

    **a.  Prior Art**

On September 19, 2019, Defendant Supercell Oy ("Supercell") served GREE with its P.R. 3-3 and 3-4 disclosures. Dkt. No. 76. GREE asserts that these disclosures did not identify Clash of Clans Version 4.120 or the Kim Patent. Dkt. No. 184 at 7-11. Supercell asserts that the disclosures identified both Clash of Clans Version 4.120 and the Kim Patent. Dkt. No. 210 at 9-15. The

Claypool Report contains opinions on invalidity that rely on both references. Dkt. No. 184-4 at 6-14, 16, 19-35.

The Court filed a Report and Recommendation ("R&R") that recommended granting GREE's Motion for Partial Summary Judgment as to Supercell's Affirmative Defense of Invalidity (Dkt. No. 180) ("GREE's MSJ") on July 9, 2020. Dkt. No. 263. This R&R recommends granting GREE's MSJ as Supercell is estopped from raising either Clash of Clans Version 4.120 or the Kim Patent, as well as other prior art references, at trial pursuant to 35 U.S.C. §325(e)(2). *Id.* For the same reasons expressed in the R&R, the Court does not need to provide analysis on either reference's disclosure as Supercell is estopped from using either reference.

### b. Claim Construction

The Court issued the Claim Construction Memorandum Opinion and Order ("Claim Construction Order") on May 12, 2020. Dkt. No. 163. The Claim Construction Order did not construe the term "the template related to the different player" present in Claim 2 of U.S. Patent No. 9,597,594 (the "'594 Patent"). *Id.*

GREE asserts that the Claypool Report ¶¶ 76-80 express opinions that amount to improper construction of this claim term. Dkt. No. 184 at 11-14. Supercell asserts that the opinions are proper noninfringement analysis. Dkt. No. 210 at 5-9.

## II. LEGAL STANDARD

### a. Claim Construction

Claim construction "is exclusively within the province of the court." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). Expert opinions are impermissible when they do not use the claim construction adopted by the Court. *Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.*, 589 F.3d 1179, 1183 (Fed. Cir. 2009). For terms "given their plain and ordinary meaning, the jury

is free to apply an expert's description of the claims if it is consistent with the jury's understanding." *Hitachi Consumer Elecs. Co. v. Top Victory Elecs. (Taiwan) Co.*, Case No. 2:10-cv-260-JRG, 2013 WL 5273326, at *10 (E.D. Tex. Sept. 18, 2013), citing *Haberman v. Gerber Products Co.*, 236 Fed. App'x 592, 600 (Fed. Cir. 2007). An opinion that a person of ordinary skill in the art ("POSITA") would find the accused product does not meet a claim limitation "constitutes a non-infringement opinion, does not amount to claim construction, and is properly presentable to the jury." *Biscotti Inc. v. Microsoft Corp.*, Case No. 2:13-cv-01015-JRG-RSP, Dkt. No. 235 at *3 (E.D. Tex. May 30, 2017), citing *PPG Indus. v. Guardian Indus. Corp.*, 156 F.3d 1351, 1355 (Fed. Cir. 1998).

### III. ANALYSIS

#### a. Prior Art

The Court does not need to provide analysis on whether Clash of Clans Version 4.120 or the Kim Patent were properly disclosed in the P.R. 3-3 and 3-4 disclosures. After reviewing the paragraphs GREE asserts rely on these references, the Court finds that Supercell is estopped from using ¶¶ 94-111, 115, 129, and 188-221. The Court makes clear that exclusion from this list does not imply permissibility, merely that at least these sections are impermissible and are **STRUCK**.

#### b. Alleged Improper Claim Construction

GREE asserts that Dr. Claypool at ¶¶ 76-80 of his rebuttal report (attached to the motion as Exhibit H) offers his own construction of the term "the template related to the different player" present in Claim 2 of the '594 Patent. Dkt. No. 184 at 11-13. After reviewing ¶¶ 76-80 of the Claypool Report, the Court finds these paragraphs are a typical non-infringement analysis. Excepting "A POSITA would understand that the draft layout that has been disassociated from and potentially edited is a new "template" ("data structure storing a pattern") because the client

cannot associate or relate the data structure with the other user," Dr. Claypool is plainly describing, not construing, claim limitations.

With respect to the previously quoted segment of ¶ 79, Dr. Claypool is not construing the claim term "template." Dr. Claypool is giving an opinion as to what a POSITA would consider the plain meaning. This constitutes "a non-infringement opinion, does not amount to claim construction, and is properly presentable to the jury." *Biscotti Inc.*, Dkt. No. 235 at *3 (E.D. Tex. May 30, 2017).

## IV. CONCLUSION

It is therefore **ORDERED** that Claypool Report ¶¶ 94-111, 115, 129, and 188-221 are hereby stricken from the report.

**SIGNED this 9th day of July, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE