# IN THE UNITED STATES
# DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GREE, INC., | § § | Case No. 2:19-cv-00071-JRG-RSP |
| *Plaintiff*, | § § § | |
| v. | § § | |
| SUPERCELL OY, | § § | |
| *Defendant*. | § § | |

## **MEMORANDUM ORDER**

Before the Court is Plaintiff GREE, Inc.'s ("GREE") Motion to Exclude Portions of Expert Testimony of Dr. Claypool Pursuant to *Daubert* (the "Motion"). (Dkt. No. 183). Having considered the Motion, the Court finds that it should be **GRANTED-AS-MODIFIED**.

## I.  PROCEDURAL AND FACTUAL HISTORY

On February 27, 2019, GREE filed a Complaint for patent infringement against Supercell Oy ("Supercell") alleging that Supercell both directly and indirectly infringes U.S. Patent No. 9,597,594 (the "'594 Patent"). (Dkt. No. 1). As part of the progression of this case, Supercell served the Rebuttal Expert Report of Dr. Mark Claypool, its technical expert. (Dkt. No. 183-2). GREE alleges that, in this Report, Dr. Claypool offers opinions regarding Supercell's subjective intent and its good-faith belief that it does not infringe in support of Supercell's argument that it has not induced infringement. (*Id.* at ¶¶ 84, 87). GREE now moves under Federal Rule of Evidence 702 to exclude certain opinions of Dr. Claypool regarding Supercell's alleged intent and good faith belief that it does not induce infringement. (Dkt. No. 183 at 1).

## II. LEGAL AUTHORITY

Federal Rule of Evidence 702 provides that a witness who is "qualified by knowledge, skill, experience, training, or education," may provide opinion testimony if that testimony will assist the trier of fact and: (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. The witness must possess "knowledge, skill, experience, training, or education" in the relevant field in order to be qualified to express his expert opinion on the topic in issue. *Id.* "The proponent of expert testimony [] has the burden of showing that the testimony is reliable." *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004).

As a threshold inquiry into admissibility, any expert testimony offered or introduced by a party must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Accordingly, district courts should exclude evidence that is based on unreliable principles or methods, legally insufficient facts and data, or where the reasoning or methodology is not sufficiently tied to the facts of the case. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999).

## III. DISCUSSION

GREE moves to exclude Dr. Claypool's opinions regarding Supercell's intent and good faith belief because it claims these opinions invade the province of the jury and that Dr. Claypool lacks any special knowledge that allows him to opine as to Supercell's subjective intent. (Dkt. No. 183 at 2 (citing *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 2:07-cv-468, 2009 WL 4669854, at *5 (E.D. Tex. Sept. 15, 2009))). Supercell argues that Dr. Claypool only provides these rebuttal opinions because GREE's expert, Dr. Akl, opened the door in opining that "Supercell actively and intentionally induced" infringement in his opening report. (Dkt. No. 200-2 at ¶¶ 86–

95). As such, Supercell argues that it should be able to rebut Dr. Akl's expert opinions on the ultimate issue of Supercell's subjective intent. (Dkt. No. 200 at 1–2). Supercell argues that if Dr. Claypool is not allowed to opine as to Supercell's intent, GREE's expert Dr. Akl should not be allowed to do so either. (*Id.* at 2). Additionally, Supercell argues that Dr. Claypool's opinions do no more than address the strength of Supercell's non-infringement defenses, and as such, are proper. (*Id.* at 2–3).

"[E]vidence of intent . . . is required to prove induced infringement." *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1351 (Fed. Cir. 2009), *amended on reh'g in part*, 366 F. App'x 154 (Fed. Cir. 2009). However, it is undisputed that it is improper for an *expert* to opine as to the subjective belief or intent of a corporate entity. (Dkt. No. 183 at 2; Dkt. No. 200 at 2). Indeed, "the question of intent is a classic jury question and not one for the experts." *Retractable Techs. Inc. v. Abbott Labs., Inc.*, No. 5:05-cv-157, 2010 WL 11531436, at *5 (E.D. Tex. June 18, 2010). Furthermore, "intent, motives or states of mind of corporations . . . have no basis in any relevant body of knowledge or expertise." *Id.* (citations omitted). Yet, both parties' experts attempt to offer expert opinions as to Supercell's subjective intent or belief when it comes to induced infringement. This is improper and unhelpful to the jury.

Experts can opine, however, on the underlying facts that may show a party's state of mind. *Spreadsheet Automation Corp. v. Microsoft Corp.*, 587 F. Supp. 2d 794, 803 (E.D. Tex. 2007). To the extent Dr. Akl or Dr. Claypool provide opinions regarding underlying facts that may show a party's state of mind, those opinions are proper. Specifically, it is proper for Dr. Akl to provide his expert opinion that certain of Supercell's ads or marketing materials direct users to perform a claim limitation. (Dkt. No. 200-2). However, it is improper for Dr. Akl to opine that "Supercell actively and intentionally induced" infringement, and thereby opine as to the ultimate issue of intent

3

reserved for the factfinder. (Dkt. No. 200-2, ¶¶ 86–87). Similarly, it is improper for Supercell's expert, Dr. Claypool, to opine that Supercell had a "good-faith belief" that it did not infringe and thus could not induce infringement. (Dkt. No. 183-2, ¶¶ 84, 87). However, Dr. Claypool is free to opine that Supercell does not induce infringement because, in his expert opinion, he does not believe Supercell directly infringes the '594 Patent. (*Id.* at ¶ 82).

## IV. CONCLUSION

In light of the foregoing, the Court finds that GREE's Motion should be and hereby is **GRANTED-AS-MODIFIED**. The Court strikes the expert opinions of Dr. Claypool regarding Supercell's "good-faith belief" found in paragraphs 84 and 87 of his Rebuttal Expert Report. (Dkt. No. 183-2, ¶¶ 84, 87). Furthermore, the Court strikes Dr. Akl's expert opinions that Supercell "actively and intentionally" induced infringement found in paragraphs 86 and 87 of his Expert Report. (Dkt. No. 200-2, ¶¶ 86, 87).

**SIGNED this 20th day of July, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE