**IN THE UNITED STATES
DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| GREE, INC., § § *Plaintiff*, § § v. § § SUPERCELL OY, § § *Defendant*. § | Case No. 2:19-cv-00071-JRG-RSP |

## **MEMORANDUM ORDER**

Before the Court is Plaintiff GREE, Inc.'s ("GREE") Motion to Strike Untimely Disclosed Facts and Opinions Regarding Non-Infringing Alternatives, Fact Witnesses, and Good-Faith Belief Defense (the "Motion"). (Dkt. No. 182). Having considered the Motion, the Court finds that it should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

### I.  PROCEDURAL HISTORY

On February 27, 2019, GREE filed a Complaint for patent infringement against Supercell Oy ("Supercell") alleging that Supercell infringes U.S. Patent No. 9,597,594. (Dkt. No. 1). On July 31, 2019, GREE served its Interrogatory No. 3 requesting identification of any Non-Infringing Alternatives ("NIAs") on which Supercell intended to rely including, "the nature of the alleged non-infringing alternative, whether previously implemented or not; [and] YOUR basis for contending the alleged non-infringing alternative is an acceptable alternative." (Dkt. No 182-2 at 3). Supercell identified its own products as NIAs on October 11, 2019 and supplemented its answer on March 30, 2020. (Dkt. No. 182 at 2). However, not included in the original or supplemental answers was information regarding "estimated costs and details about

implementation of each alleged NIA." (*Id.* at 2). Supercell also provided Rene Kivioja as a 30(b)(6) witness to testify about NIAs. (Dkt. No. 209 at 4).

On May 26, 2020, Supercell served the Rebuttal Damages Report of Mr. Bakewell, along with the Rebuttal Report of Dr. Claypool, its technical expert. (Dkt. No. 182 at 2–3). Mr. Bakewell relies on facts about the timing and cost to implement NIAs that Supercell did not disclose in its October 11, 2019 or March 30, 2020 answers. (*Id.* at 3). In these expert reports, Mr. Bakewell and Dr. Claypool rely on conversations with Eino Joas (Game Lead of Clash of Clans) and Stuart McGaw (Game Programmer at Supercell) regarding the implementation of Supercell's NIAs. (*Id.*). Supercell did not designate Eino Joas or Stuart McGaw to testify as to Supercell's NIAs. (*Id.*). Furthermore, Mr. Bakewell also relies on discussions with Hanna-Mari Kanervo, the Chief Accountant at Supercell, regarding the costs associated with various NIAs. (*Id.*). It is undisputed that Supercell did not disclose Hannah-Mari Kanervo as a fact witness in this case. (*Id.*; Dkt. No. 209 at 6). GREE now moves to strike the information regarding the costs and implementation of Supercell's NIAs, and any previously undisclosed NIAs, including information its experts received from conversations with Eino Joas, Stuart McGaw, and Hanna-Mari Kanervo under Federal Rule of Civil Procedure 37. (Dkt. No. 182 at 3).

GREE also contends that Supercell failed to disclose its defense that it lacked the required intent to induce or contribute to infringement because it had a good faith belief that it did not infringe. (*Id.* at 3–4). GREE requested this information in its Interrogatory No. 12 when requesting "the complete legal and factual bases for all defenses raised in [Supercell's] Answer in this Action." (Dkt. No. 209-9 at 42–47). GREE also seeks to strike this information from Dr. Claypool's rebuttal report under Federal Rule of Civil Procedure 37. (Dkt. No. 182 at 3–4).

## II. LEGAL AUTHORITY

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). It is relevant for the court to consider: "(1) [the disclosing party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the opposing party] in allowing the evidence, and (4) the availability of a continuance." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009). Supercell bears the burden to prove that its failure to comply with Rule 26 was "substantially justified or harmless." *Rembrandt Vision Techs. LP v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013).

## III. DISCUSSION

### a. Non-Infringing Alternatives

Supercell contends that it properly disclosed its NIAs. (Dkt. No. 209 at 2–6). Supercell argues that GREE never specifically sought information regarding implementation and costs of NIAs. (*Id.* at 3–4). Furthermore, Supercell argues that to the extent Supercell's experts relied on information regarding implementation and costs, GREE is to blame for failing to ask the right questions to discover this information at the Rule 30(b)(6) deposition of Rene Kivioja who was prepared to speak to these topics. (*Id.* at 2). Supercell also argues that any lack of disclosure of Hanna-Mari Kanervo as a fact witness as to these topics is justified and harmless because the information that Hanna-Mari Kanervo provided was already made available to GREE through Supercell's corporate witnesses. (*Id.* at 6). Supercell also contends that Supercell's experts only spoke with Eino Joas and Stuart McGaw because Rene Kivioja, Supercell's corporate witness designated to testify regarding NIAs, was unavailable, and in any event, Eino Joas and Stuart

3

McGaw provided the same information that GREE could have obtained from Rene Kivioja. (*Id.* at 5).

The Court is unpersuaded that Supercell fully disclosed its NIAs and finds that such failure is not justified nor harmless. In its Interrogatory No. 3, GREE requested information regarding Supercell's "basis for contending the alleged [NIA] is an acceptable alternative." (Dkt. No. 182-2 at 3). Under Federal Rule of Civil Procedure 26, Supercell has an obligation to disclose this information fully and to supplement its answer as necessary. Fed. R. Civ. P. 26(a), (e). "GREE failed to ask the right questions" is not the standard. Supercell has an obligation to provide a fulsome response to GREE's discovery request and Supercell cannot now rely on information it failed to disclose that was clearly within its possession and responsive to GREE's Interrogatory No. 3. Supercell's experts will be permitted to testify about the NIA's disclosed in the various answers to Interrogatory No. 3. The deficiency in the answers does not render unusable what actually was disclosed. However, Supercell's experts cannot rely on information regarding implementation and costs associated with NIAs provided by non-disclosed fact witnesses, Eino Joas, Stuart McGaw, and Hanna-Mari Kanervo, or NIAs that were not disclosed during fact discovery.[1]

Supercell argues that its experts needed to rely on Eino Joas and Stuart McGaw because its disclosed corporate witness "was unavailable." (Dkt. No. 209 at 5). Supercell provides no further explanation. The Court finds this explanation unpersuasive.

Furthermore, this information is important as demonstrated by the multiple Supercell experts who rely on it (Mr. Bakewell and Dr. Claypool) and GREE's multiple attempts to get this

---

[1] Although GREE had the opportunity to depose Eino Joas and Stuart McGaw, their depositions took place before Supercell disclosed its NIAs on March 30, 2020 and Supercell never disclosed them as having information relevant to NIAs. (Dkt. No. 182 at 3). Accordingly, for the purposes of relying on their testimony regarding NIAs, Eino Joas and Stuart McGaw are "undisclosed."

information during discovery through interrogatories and depositions. (Dkt. No. 182 at 2; Dkt. No. 182-2 at 3).

GREE is also clearly prejudiced by Supercell's failure to disclose this information. Much of this new information was disclosed only in Supplemental or Rebuttal Expert Reports, after GREE's experts had completed their reports, preventing GREE's experts from opining on this information. (Dkt. No. 182 at 3, 6). GREE also did not have the opportunity to depose Eino Joas, Stuart McGaw, and Hanna-Mari Kanervo regarding NIAs and should not be required to accept Supercell's experts' characterization of their conversations with these undisclosed fact witnesses. Furthermore, Supercell's offer of depositions of Eino Joas, Stuart McGaw, and Hanna-Mari Kanervo comes too late when trial is fast approaching. (Dkt. No. 258 at 3). This would only increase the prejudice to GREE.

Accordingly, the Court finds that the only appropriate remedy under Federal Rule of Civil Procedure 37 is to strike the any of the following information that was not disclosed by Supercell during fact discovery: (1) undisclosed information regarding implementation and costs of NIAs; and (2) information gathered from undisclosed fact witnesses Eino Joas, Stuart McGaw, and Hanna-Mari Kanervo that was not also provided from another source.

### b. Good Faith Defense

Supercell argues that it properly disclosed its non-infringement position by disclosing that it did not have the requisite "knowledge and/or intent" for indirect infringement. (Dkt. No. 209-9 at 42–47). To the extent GREE contends that Supercell failed to disclose that it lacked the required intent to induce or contribute to infringement because it had a good-faith belief that it did not infringe, the Court finds that it did. Supercell's disclosure that it did not have the requisite "knowledge and/or intent" for indirect infringement is sufficient to put GREE on notice of this

defense. (*Id.*). Accordingly, the Court finds that it is improper to strike this information on the basis that Supercell failed to make adequate disclosures under Federal Rule of Civil Procedure 26.

IV. **CONCLUSION**

In light of the foregoing, the Court finds that GREE's Motion to Strike Untimely Disclosed Facts and Opinions Regarding Non-Infringing Alternatives, Fact Witnesses, and Good-Faith Belief Defense (Dkt. No. 182) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**SIGNED this 26th day of July, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE